PER CURIAM:
Claimant brought this action for vehicle damage which occurred as a result of his vehicle striking a large hole while he was traveling northbound on W. Va. Route 20 near Lumberport, Harrison County. W. Va. Route 20 is a road maintained by respondent in Harrison County. The Court is of the opinion to make an award in this claim for the reasons more folly set forth below.
The incident giving rise to this claim occurred on December 9, 2003, at approximately 7:00 p.m. On the foggy evening in question, claimant was traveling northbound on W. Va. Route 20 in his 1996 Lincoln Town Car Cartier. W. Va. Route 20 is a two-lane road in the area of the incident involved in this claim. Mr. Santowasso was on his way home from an evening of dinner and shopping. He was traveling northbound on W. Va. Route 20 and a large truck also traveling northbound was several car lengths in front of his vehicle. Claimant was traveling at approximately twenty-five miles per hour when his vehicle struck a large hole in the road that he did not see. The hole was located just to the right of the center line. Claimant’s vehicle sustained damage to both the front driver’s side tire and rim, totaling $497.63. Claimant’s insurance deductible was $250.00.
The position of the respondent was that it did not have notice of the condition on W. Va. Route 20 at the site of the claimant’s accident for the date in question.
John Barberio, Highway Administrator for respondent in Harrison County, testified he had no knowledge of any holes on W. Va. Route 20 in the area of claimant’s accident for the date in question. This road receives maintenance when an employee of respondent notes a problem or when a citizen reports a problem. Mr. Barberio stated that respondent had done patching on this stretch of W. Va. Route 20 on November 7,2003, when respondent used hot mix, a permanent patching material, to fill the problem areas. He stated that based upon weather conditions, it was possible for a hole such as the one that claimant’s vehicle struck to form again in the winter months. Mr. Barberio further testified that he was unaware of any complaints regarding holes in this area of W. Va. Route 20 prior to the date of claimant’s incident.
It is a well-established principle that the State is neither an insurer nor a guarantor of the safety of motorists upon its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the *183 road defect at issue and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985).
In the present claim, the Court is of the opinion that respondent had at least constructive notice of the hole which claimant’s vehicle struck and that the hole presented a hazard to the traveling public. The size of the hole and its location in the travel portion of the highway leads the Court to conclude that respondent had notice of this hazardous condition and further, that it had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimant may make a recovery for the damages to his vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in this claim in the amount of $250.00, which is claimant’s insurance deductible.
Award of $250.00.